IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ANTHONY BOYD, AIS #Z-578, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:25-cv-764-ECM |
| | ) |
| KAY IVEY, Governor of Alabama, in her official capacity, *et al.*, | ) ) |
| | ) |
| Defendants. | ) |

**O R D E R**

On September 23, 2025, Plaintiff Anthony Boyd ("Boyd"), a death row inmate in the custody of the Alabama Department of Corrections, filed a *pro se* verified complaint for injunctive relief pursuant to 42 U.S.C. § 1983 against Defendants Kay Ivey and Steve Marshall ("Defendants"). (Doc. 1). Boyd is scheduled to be executed between 12:00 a.m. on October 23, 2025, and 6:00 a.m. on October 24, 2025. Along with the complaint, Boyd filed an emergency motion for preliminary injunction and stay of execution (doc. 2), which the Court construes as also containing a motion for temporary restraining order.[1]

A temporary restraining order may issue only where the moving party demonstrates (1) that there is a substantial likelihood of success on the merits, (2) that the temporary restraining order is necessary to prevent irreparable injury, (3) that the threatened injury

---

[1] Boyd, represented by counsel, also has pending before the Court a separate § 1983 action and motion for preliminary injunction seeking relief regarding his upcoming execution. (*See generally* docs. 1, 11 in *Boyd v. Hamm et al.*, 2:25cv529-ECM (M.D. Ala.)).

outweighs the harm the temporary restraining order would cause to the nonmoving party, and (4) that the temporary restraining order would not be adverse to the public interest. *Parker v. State Bd. of Pardons & Paroles*, 275 F.3d 1032, 1034–35 (11th Cir. 2001) (per curiam).  Additionally, pursuant to Rule 65 of the Federal Rules of Civil Procedure, a temporary restraining order may issue without notice to the nonmoving party only if (1) specific facts in an affidavit or verified complaint show that the moving party will suffer immediate and irreparable injury before the adverse party can be heard, and (2) the moving party certifies in writing the efforts he has made to notify the nonmoving party and the reasons notice should not be required. FED. R. CIV. P. 65(b)(1).

Boyd has not satisfied Rule 65(b)(1)'s requirements.  He has not alleged sufficient facts to show that he will suffer immediate and irreparable injury before the Defendants can be heard, and he has not made the certification required by Rule 65(b)(1)(B).  Because the motion fails scrutiny under Rule 65(b)(1), it is not necessary to analyze the *Parker* elements.

Accordingly, upon consideration of the motion, and for good cause, it is

ORDERED as follows:

1.  Boyd's motion for temporary restraining order is DENIED;

2.  The Clerk of the Court is DIRECTED to send a copy of this Order, Boyd's complaint (doc. 1), motion (doc. 2), and memorandum of law (doc. 3) on Attorneys Polly

Kenny and Lauren Simpson of the Alabama Attorney General's Office via email at polly.kenny@alabamaag.gov and lauren.simpson@alabamaag.gov[2];

3. The Defendants shall file a response to the motion for preliminary injunction and stay of execution (doc. 2) **on or before October 1, 2025**.

DONE this 24th day of September, 2025.

/s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] This transmission does not relieve Boyd of his obligation to serve the Defendants in accordance with Rule 4 of the Federal Rules of Civil Procedure.