IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ANTHONY BOYD, AIS #Z-578, ) </br> ) </br> Plaintiff, ) </br> ) </br> v. ) </br> ) </br> KAY IVEY, Governor of Alabama, in her ) </br> official capacity, *et al.*, ) </br> ) </br> Defendants. ) | CASE NO. 2:25-cv-764-ECM </br> [WO] |

**MEMORANDUM OPINION and ORDER**

**I. INTRODUCTION**

Plaintiff Anthony Boyd ("Boyd") is a death row inmate in the custody of the Alabama Department of Corrections ("ADOC"). In 1995, he was convicted and sentenced to death for the 1993 kidnapping and murder of Gregory Huguley. The ADOC is set to execute Boyd by nitrogen hypoxia between 12:00 a.m. on October 23, 2025, and 6:00 a.m. on October 24, 2025. On July 16, 2025, Boyd, represented by counsel, filed an action in this Court pursuant to 42 U.S.C. § 1983 challenging the ADOC's nitrogen hypoxia protocol, and he filed a motion for preliminary injunction on July 18, 2025. (*See generally* docs. 1, 11 in *Boyd v. Hamm et al.*, 2:25cv529-ECM (M.D. Ala.) (hereinafter *Boyd I*). Over two months later, on September 23, 2025, Boyd filed this *pro se* verified complaint for injunctive relief pursuant to § 1983 against Defendants Kay Ivey ("Governor Ivey"), the Governor of Alabama, and Steve Marshall ("Marshall"), the Alabama Attorney General (collectively, "Defendants"). (Doc. 1). Along with the complaint, Boyd filed an emergency

motion for preliminary injunction and stay of execution (doc. 2), which is pending before the Court.[1] Also before the Court is the Defendants' combined motion to dismiss and response to Boyd's motion for preliminary injunction. (Doc. 5). Boyd's motion is ripe for review. After careful consideration, the Court concludes that his motion is due to be denied.

## II.  JURISDICTION AND VENUE

The Court has original subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331. Personal jurisdiction and venue are uncontested, and the Court concludes that venue properly lies in the Middle District of Alabama. *See* 28 U.S.C. § 1391.

## III.  PROCEDURAL HISTORY AND BACKGROUND

The Court set out Boyd's capital litigation history—including the crime, his trial and sentencing, direct appeal, and postconviction proceedings—in its recent Opinion in *Boyd I*, and the Court declines to repeat it here. (Doc. 104 at 4–11 in *Boyd I* (M.D. Ala. Oct. 9, 2025)). The Court also incorporates by reference Boyd's recent litigation conduct in the state and federal courts laid out in the Defendants' combined motion to dismiss and response. (*See* doc. 5 at 12–15).[2] In sum, since the State of Alabama moved on July 11, 2025 to set his execution date, Boyd has filed two new § 1983 actions in this Court—*Boyd I* and this action—and he has also pursued litigation regarding his conviction, death

---

[1] The Court construed the motion (doc. 2) as also containing a motion for temporary restraining order, which the Court denied. (Doc. 4).

[2] The Court generally prefers not to incorporate by reference statements or arguments made in other filings. However, the Court in its discretion does so in this Opinion given the time constraints created by Boyd's untimely filing.

sentence, execution, or some combination in multiple state court fora, including the Talladega County Circuit Court, the Montgomery County Circuit Court, and the Alabama Supreme Court.  Boyd does not dispute this other litigation conduct, although he claims it is irrelevant to resolving his motion for preliminary injunction and stay of execution. (*See* doc. 10 at 6).

Boyd's complaint in this action asserts two claims. (Doc. 1).  Both claims arise out of a January 12, 2023 amendment to Alabama Rule of Appellate Procedure 8(d)(1) ("Rule 8(d)(1)"), which provides in relevant part that "the trial court shall not set an execution date," and that "the [state] supreme court shall at the appropriate time enter an order authorizing the Commissioner of the Department of Corrections to carry out the inmate's sentence of death within a time frame set by the governor."  In Count I, he claims that the Defendants violated his Fourteenth Amendment right to procedural due process by allowing Governor Ivey to set his execution date.  According to Boyd, this procedure contravenes ALA. CODE § 15-18-82(a), which he says requires that a "court" set an execution date.[3]  He contends, among other things, that allowing Governor Ivey both to set execution dates and decide clemency petitions creates a conflict of interest which violates his due process rights.  In Count II, Boyd claims that the procedure allowing Governor Ivey to set execution dates violates the separation of powers inherent in the Alabama Constitution, and also violates his Fourteenth Amendment due process rights.  He seeks a

---

[3] Boyd raised a similar argument in his August 25, 2025 "emergency *pro se* petition for writ of mandamus and motion to stay execution" filed in the Alabama Supreme Court. *See* Petition for Writ of Mandamus, *Ex parte Anthony Boyd*, Case No. SC-2025-0624 (Ala. Aug. 25, 2025).  The Alabama Supreme Court denied Boyd's petition and motion without explanation. *See* Order, *Ex parte Anthony Boyd*, Case No. SC-2025-0624 (Ala. Sept. 10, 2025).

3

declaratory judgment that Governor Ivey's setting of his execution date violates the Fourteenth Amendment, and he requests (1) a preliminary injunction prohibiting the Defendants from executing him pursuant to a date set by Governor Ivey and (2) a stay of execution "pending resolution of this action." (Doc. 1 at 4).

## IV.  LEGAL STANDARD

To obtain a preliminary injunction or stay of execution, Boyd must demonstrate: (1) a substantial likelihood of success on the merits; (2) a likelihood of suffering irreparable injury without the injunction; (3) the threatened injury to him outweighs the harm the injunction would cause the other litigants; and (4) the injunction would not be adverse to the public interest. *See Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (per curiam); *see also Mills v. Hamm*, 102 F.4th 1245, 1250 (11th Cir. 2024) (explaining that the same standard applies to a motion for preliminary injunction and a motion for stay of execution). Where, as here, "the [State] is the party opposing the preliminary injunction, its interest and harm merge with the public interest," and thus the third and fourth elements are the same. *Swain v. Junior*, 958 F.3d 1081, 1091 (11th Cir. 2020) (citing *Nken v. Holder*, 556 U.S. 418, 435 (2009)).

A preliminary injunction or stay of execution "is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citing *Munaf v. Geren*, 553 U.S. 674, 689–90 (2008)) (preliminary injunction); *see Hill v. McDonough*, 547 U.S. 573, 584 (2006) (stay of execution).  Such relief is "'not to be granted unless the movant clearly established the "burden of persuasion"' for each prong of the analysis." *Am.'s Health Ins. Plans v. Hudgens*, 742 F.3d 1319, 1329 (11th Cir. 2014)

(quoting *Siegel*, 234 F.3d at 1176)). As the movant, Boyd must satisfy his burden on all four elements "by a clear showing." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam) (emphasis omitted) (citation omitted). Failure to meet any of the elements "is fatal" to the request for injunctive relief. *Grayson v. Comm'r, Ala. Dep't of Corr.*, 121 F.4th 894, 896 (11th Cir. 2024) (citation omitted), *cert. denied sub nom. Grayson v. Hamm*, 2024 WL 4846625 (U.S. Nov. 21, 2024).

## V.  DISCUSSION

Before addressing Boyd's request for a preliminary injunction or stay of execution, the Court considers the Defendants' argument that Boyd lacks Article III standing to sue Marshall. To demonstrate Article III standing, Boyd must establish three elements: "(1) an injury in fact that (2) is fairly traceable to the challenged action of the defendant and (3) is likely to be redressed by a favorable decision." *Jacobson v. Fla. Sec'y of State*, 974 F.3d 1236, 1245 (11th Cir. 2020) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)). In conducting the standing inquiry, the Court must "assume that on the merits [Boyd] would be successful" on his claims. *See Culverhouse v. Paulson & Co. Inc.*, 813 F.3d 991, 994 (11th Cir. 2016).

Boyd lacks standing to sue Marshall in this action because he fails to show that any alleged injury is "traceable" to Marshall. The injury of which Boyd complains arises out of conduct undertaken by *Governor Ivey* and the application of the Alabama Rules of Appellate Procedure. Because he fails to sufficiently link his alleged injury to Marshall's conduct, the action against Marshall is due to be dismissed for lack of standing.

The Court now turns to Boyd's motion. Boyd is not entitled to a preliminary injunction or stay of execution for two independent reasons. First, the equities are demonstrably not in Boyd's favor because he inexcusably delayed bringing this lawsuit, which is premised upon a change in procedure that went into effect over two years ago. Second, Boyd fails to show that he is substantially likely to succeed on the merits. For these reasons, Boyd has not established entitlement to the extraordinary remedy of a preliminary injunction or stay of execution.

**A.     The Equities and Boyd's Inexcusable Delay**

As indicated above, a preliminary injunction or stay of execution is an equitable remedy which "is not available as a matter of right, and equity must be sensitive to the State's strong interest in enforcing its criminal judgments without undue interference from the federal courts." *Hill*, 547 U.S. at 584. This Court must "apply 'a strong equitable presumption against the grant of a stay where a claim could have been brought at such a time as to allow consideration of the merits without requiring entry of a stay.'" *Id.* (citation omitted); *see also Woods v. Comm'r, Ala. Dep't of Corr.*, 951 F.3d 1288, 1293 (11th Cir. 2020). "Last-minute stays should be the extreme exception, not the norm, and 'the last-minute nature of an application' that 'could have been brought' earlier, or 'an applicant's attempt at manipulation,' 'may be grounds for denial of a stay.'" *Bucklew v. Precythe*, 587 U.S. 119, 150 (2019) (quoting *Hill*, 547 U.S. at 584). District courts "'can and should' protect settled state judgments from 'undue interference' by invoking their 'equitable powers' to dismiss or curtail suits that are pursued in a 'dilatory' fashion or based on 'speculative' theories." *Id.* at 151 (quoting *Hill*, 547 U.S. at 584–85).

Boyd's claims in this case unquestionably could have been brought over two years ago, after Rule 8(d)(1) was amended. And yet he waited until less than one month before his execution date to file this lawsuit and seek injunctive relief. Boyd fails to adequately explain why he was unable to seek relief anytime in the last two years—or in the three and half months since the State moved to set his execution date. Boyd asserts that he could not have sought relief in federal court until his exhausted his remedies in state court, which he says did not happen until he filed his mandamus petition in the Alabama Supreme Court on August 25, 2025, and which the Alabama Supreme Court denied on September 10, 2025. Even assuming he is correct that he had to first exhaust state remedies, which the Court doubts, Boyd's explanation fails to account for the fact that he could have brought these claims well before August 2025—indeed, he could have brought them over two years ago.

Compounding the egregiousness of Boyd's delay is the fact that since July 16, 2025, he has had pending *before this Court* another § 1983 action (*Boyd I*) seeking relief regarding his upcoming execution. His efforts to explain why he could not have brought these claims in *Boyd I* (namely, that he needed to first exhaust his state court remedies) fall woefully short. On this record, the Court concludes that Boyd's delay in filing suit and seeking a preliminary injunction or stay of execution was "unreasonable, unnecessary, and inexcusable." *See Brooks v. Warden*, 810 F.3d 812, 824 (11th Cir. 2016) (citation omitted). Boyd knew or should have known of the facts giving rise to his challenges to Rule 8(d)(1) "well before he filed suit." *See Jones v. Allen*, 485 F.3d 635, 640 n.3 (11th Cir. 2007). The timing of this lawsuit and Boyd's other recent litigation conduct smack of gamesmanship,

7

and the Court has little trouble concluding that this action is an effort to delay his lawfully imposed death sentence as opposed to a bona fide effort to effectuate a change to execution procedures. *See id.* at 640. "While each death case is very important and deserves [the Court's] most careful consideration," Boyd's last-minute request for a preliminary injunction or stay of execution, "without adequate explanation," supports a finding that the equities do not weigh in his favor. *See Jones v. Comm'r, Ga. Dep't of Corr.*, 811 F.3d 1288, 1297–98 (11th Cir. 2016).

"Equity also weighs against granting the [preliminary injunction or] stay because 'the State and the victims of crime have an important interest in the timely enforcement of a sentence.'" *See Woods*, 951 F.3d at 1293 (quoting *Hill*, 547 U.S. at 584). Boyd's involvement in Gregory Huguley's gruesome murder occurred in 1993, and Boyd was convicted and sentenced to death in 1995—over thirty years ago. The State and Huguley's family have a compelling interest in seeing Boyd's punishment carried out. *See Brooks*, 810 F.3d at 825; *Jones*, 485 F.3d at 641. Indeed, they have already waited thirty years. Because Boyd inexcusably delayed bringing this action, and because the State and the victim's family have a strong interest in the timely enforcement of his sentence, Boyd has failed to show that equity favors entry of a preliminary injunction or stay of execution, and his motion is due to be denied for this reason alone.

**B.     Substantial Likelihood of Success on the Merits**

Even if the equities were in Boyd's favor, which they decidedly are not, he is still not entitled to a preliminary injunction or stay of execution for the additional, independent reason that he fails to establish a substantial likelihood of success on the merits—"the most

important preliminary-injunction criterion." *See Speech First, Inc. v. Cartwright*, 32 F.4th 1110, 1127–28 (11th Cir. 2022); *see also Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1226 (11th Cir. 2005) (per curiam) ("Controlling precedent is clear that injunctive relief may not be granted unless the plaintiff establishes the substantial likelihood of success criterion."). In this case, the inquiry begins and ends with the statute of limitations because Boyd is not substantially likely to succeed on the merits of claims that are time-barred. *See Brooks*, 810 F.3d at 822.

Boyd does not dispute that Counts I and II are subject to a two-year statute of limitations. *See id.* at 823; *McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008). However, he contends that his claims did not accrue until August 18, 2025, when Governor Ivey actually set his execution timeframe. (Doc. 10 at 2). "In Section 1983 cases, the statute of limitations does not begin to run until the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." *Nance v. Comm'r, Ga. Dep't of Corr.*, 59 F.4th 1149, 1153 (11th Cir. 2023) (citation omitted). The question, then, is when Boyd knew or reasonably should have known "of the injury which is the basis of the action." *McNair*, 515 F.3d at 1174 (quoting *Corn v. City of Lauderdale Lakes*, 904 F.2d 585, 588 (11th Cir. 1990)).

Boyd knew or reasonably should have known of the facts supporting his claims on January 12, 2023, when Rule 8(d)(1) was amended. But he did not file this action until September 28, 2025—more than eight months after the two-year statute of limitations expired. That Governor Ivey did not set his execution timeframe until August 18, 2025, does not make Boyd's claims timely. It is the amendment to Rule 8(d)(1) which he

9

challenges and which gives rise to his claims. *See Mills v. Hamm*, 734 F. Supp. 3d 1226, 1256 (M.D. Ala. 2024) (reaching a similar conclusion regarding an inmate's claim that his counsel should be permitted to be present in the execution chamber with a phone during the inmate's execution where the policy prohibiting counsel's presence in the execution chamber had been in effect for more than two years),[4] *aff'd*, 102 F.4th 1245 (11th Cir. 2024). The setting of Boyd's execution in August 2025 does not change the reality that Rule 8(d)(1) has been in place for well more than two years. *See id.* Thus, Counts I and II are time-barred because they accrued more than two years before Boyd filed this lawsuit. For this reason alone, Boyd is not substantially likely to succeed on the merits. *See Brooks*, 810 F.3d at 822. Consequently, Boyd is not entitled to a preliminary injunction or stay of execution for this additional, independent reason.

## VI. CONCLUSION

Because Boyd lacks Article III standing to sue Marshall, the action against Marshall is due to be dismissed without prejudice. And because the equities weigh heavily against Boyd, and because he has not shown a substantial likelihood of success on the merits, Boyd has not established entitlement to the extraordinary remedy of a preliminary injunction or stay of execution. Accordingly, it is

ORDERED that the action against Attorney General Marshall is DISMISSED without prejudice for lack of standing. It is further

---

[4] Here, and elsewhere in this Opinion, the Court cites nonbinding authority. While the Court acknowledges these cases are nonprecedential, the Court finds them persuasive.

ORDERED that Boyd's motion for preliminary injunction or stay of execution (doc. 2) is DENIED.

DONE this 9th day of October, 2025.

                                            /s/ Emily C. Marks
                                     EMILY C. MARKS
                                     CHIEF UNITED STATES DISTRICT JUDGE