**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE ELEVENTH CIRCUIT**

RECEIVED

2025 OCT 14 A 10: 25

**Appeal No. 25-13573-B**
**(Anthony Boyd v. Governor of Alabama)**
**On Appeal from the United States District Court for the Middle District of Alabama**
**Case No. 2:25-cv-00764-ECM**

_____

**ANTHONY BOYD,** AIS # Z-578,
    Plaintiff–Appellant, pro se,

v.

**GOVERNOR KAY IVEY, in her official capacity,**
**ATTORNEY GENERAL STEVE MARSHALL, in his official capacity,**
    Defendants–Appellees.


JURISDICTIONAL STATEMENT

This case arises under 42 U.S.C. § 1983, alleging ongoing violations of the Fourteenth Amendment's Due Process Clause and the structural separation of powers embodied in the United States and Alabama Constitutions.

The district court possessed subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1343 because the action presents a federal question and seeks equitable relief from unconstitutional state action.

The district court entered its final judgment denying Plaintiff's request for injunctive relief on October 9, 2025. Plaintiff timely filed his Notice of Appeal within the period permitted by Fed. R. App. P. 4(a)(1)(A).

This Court has appellate jurisdiction under 28 U.S.C. § 1291, as the appeal is taken from a final judgment disposing of all claims.  In the alternative, jurisdiction lies under 28 U.S.C. § 1292(a)(1) because the appeal challenges the denial of injunctive relief in a § 1983 civil rights action.

STATEMENT OF THE ISSUES PRESENTED

1. Whether the Governor of Alabama may lawfully assume the judicial function of setting execution dates, contrary to Ala. Code § 15-18-82(a) and Article III, § 43 of the Alabama Constitution, without violating the Fourteenth Amendment's Due Process Clause.

2. Whether the district court erred in holding that sovereign immunity and Pennhurst bar this claim, where Plaintiff seeks only prospective relief from ongoing violations of federal law under Ex parte Young, 209 U.S. 123 (1908).

3. Whether the district court abused its discretion in denying injunctive relief by mischaracterizing the claim as "last-minute litigation" rather than recognizing it as a timely challenge to an ongoing structural constitutional violation.

4. Whether the district court erred in dismissing Attorney General Steve Marshall as a defendant, where the Attorney General is the initiating and continuing enforcement authority under Alabama Rule of Appellate Procedure 8(d)(1), and thus a proper party for prospective injunctive relief under Ex parte Young, 209 U.S. 123 (1908), and Summit Medical Associates v. Pryor, 180 F.3d 1326 (11th Cir. 1999).

SUMMARY OF THE ARGUMENT

This case is not about the method of execution, the timing of appeals, or the management of the State's death-penalty docket.  It concerns a far deeper constitutional defect — a structural breakdown in Alabama's government that places the power of life and death in the hands of an official whom the law forbids to exercise it.

Under Ala. Code § 15-18-82(a), the judicial branch alone may set execution dates.  In 2023, however, the Alabama Supreme Court adopted a new rule delegating that judicial power to the Governor, at the request of the Attorney General, creating a process where the same executive officers who prosecute and defend capital convictions now schedule executions and control the timing of mercy.  This collapse of separated powers offends both state law and the federal Constitution's guarantee of due process.

The district court dismissed the complaint and denied a stay, but in doing so misunderstood the nature of the claim.  Its order strayed into discussions of unrelated litigation, delay, and procedural background not at issue here — while overlooking the single, dispositive question: whether a state may lawfully execute a person under a procedure that violates its own structural allocation of powers.

That error is both analytical and constitutional.  The State's ongoing enforcement of this scheme falls squarely within the Ex parte Young exception to sovereign immunity: it is "simply an illegal act upon the part of a state official" undertaken under color of law.  Ex parte Young, 209 U.S. 123, 159–60 (1908).

Nor is this a "last-minute" filing.  The cause of action arose only when the Governor actually set Boyd's execution date for October 23, 2025.  The claim is therefore timely, and any slight delay caused by mail and notice issues cannot outweigh the irreversible harm of an unlawful execution.

Structural violations are, by their nature, ongoing and systemic. As the Supreme Court explained in Bond v. United States, 564 U.S. 211, 223 (2011), separation-of-powers limits protect individual liberty and are enforceable by those injured when the government exceeds its lawful authority. Once the executive branch seized a judicial function, Alabama's process for carrying out death sentences became constitutionally void.

This Court should therefore reverse, reinstate the complaint, and direct entry of a stay prohibiting the Defendants from executing Boyd pursuant to any execution date not lawfully set by a court.

ARGUMENT

A. The Governor's and Attorney General's Ongoing Enforcement of Alabama's Unconstitutional Execution Procedure Violates the Separation of Powers and the Fourteenth Amendment

The district court dismissed Boyd's claim under the mistaken belief that it "sounds in state law" and is therefore barred by Pennhurst State School & Hospital v. Halderman, 465 U.S. 89 (1984). That conclusion misstates both the nature of the claim and the scope of the Eleventh Amendment.

Boyd's complaint does not seek to enforce state law. It seeks to prevent state officials from acting in violation of the federal Constitution by carrying out an execution under a procedure that contravenes both state and federal due process. This falls squarely within the doctrine of Ex parte Young, 209 U.S. 123 (1908), which holds:

 "The use of the name of the State to enforce an unconstitutional act to the injury of complainants is a proceeding without the authority of, and one which does not affect, the State in its sovereign or governmental capacity. It is simply an illegal act upon the part of a state official in attempting by the use of the name of the State to enforce a legislative enactment which is void because unconstitutional." Id. at 159–60.

That is precisely what has occurred here. Acting under color of state law, the Governor, at the request of the Attorney General, assumed a judicial function expressly denied to her by Alabama law and the Alabama Constitution. The ongoing enforcement of that unlawful execution procedure constitutes a continuing violation of the Fourteenth Amendment.

Defendants and the district court may rely on decisions such as ACLU of Florida v. Miami-Dade County School Board, 557 F.3d 1177 (11th Cir. 2009), and Smith v. Georgia, 684 F.2d 729 (11th Cir. 1982), to argue that a state's failure to follow its own procedures does not automatically violate due process. Boyd does not dispute that general rule. But those cases involved administrative or procedural missteps—minor irregularities in how an agency applied its own internal rules. This case is fundamentally different. Instead of simply implementing and enforcing

3

function that the Constitution and statutes reserve exclusively to the courts. That defect is not limited to Anthony Boyd's case; it is systemic, self-perpetuating, and will continue to produce unlawful executions unless this Court intervenes.

The district court's dismissal allowed that defect to stand uncorrected, treating the constitutional claim as a matter of timing rather than substance. But death is irreversible, and due process cannot be postponed. Where the State's structure itself becomes the instrument of deprivation, every day of inaction deepens the violation. The federal judiciary's duty under Ex parte Young is not discretionary—it is to restrain unconstitutional action by state officials before it results in irreparable harm.

For these reasons, Anthony Boyd respectfully requests that this Court:

1. Reverse the district court's order dismissing his complaint;
2. Hold that the Governor's and Attorney General's enforcement of the 2023 amendment to Alabama Rule 8(d)(1) constitutes an ongoing violation of the Fourteenth Amendment;
3. Remand with instructions to issue preliminary injunctive relief barring Defendants from carrying out Boyd's execution under that unconstitutional procedure; and
4. Grant any further relief that justice and equity require to preserve the integrity of the judicial process and prevent an unlawful execution.

The rule of law cannot coexist with a rule of men. When a State disregards the structural limits of its own Constitution, it forfeits the presumption of regularity that undergirds its judgments. Federal intervention here is not interference—it is fidelity to the Constitution.


Respectfully submitted,


_____

Anthony Boyd, Pro Se
AIS # Z-578
William C. Holman Correctional Facility
866 Ross Road
Atmore, AL 36502


Declaration under 28 U.S.C. § 1746

I declare under penalty of perjury that the foregoing is true and correct.

9

Executed on this $\underline{13}$ day of $\underline{October}$ , 2025.

Anthony Boyd

Anthony Boyd, AIS # Z-578

Certificate of Service

I certify that on __10/13__, 2025, I served a true and correct copy of the foregoing document by placing it in the United States mail, first-class postage prepaid, addressed to the following:

Office of the Governor
State Capitol
600 Dexter Avenue
Montgomery, AL 36130

Office of the Attorney General
501 Washington Avenue
Montgomery, AL 36130

Clerk of Court
United States District Court for the Middle District of Alabama
One Church Street
Montgomery, AL 36104

Clerk of Court
United States Court of Appeals for the Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, GA 30303

---

Anthony Boyd, Pro Se
AIS # Z-578

11

Anthony Boyd Z-578
Holman L-49
Holman 3700
Atmore, AL 36502

Clerk of Court
U.S. District Court for Middle District
One Church Street
Montgomery, AL 36104

**100% Recycled Fibre**
**80% Post-Consumer**

**Extremely Urgent**

This envelope is for use with the following services:

**UPS Next Day Air®**
**UPS Worldwide Express™**
**UPS 2nd Day Air®**

Apply shipping documents on this side.

Do not use this envelope for:

**UPS Ground®**
**UPS Standard®**
**UPS 3 Day Select®**
**UPS Worldwide Expedited®**

Visit **theupsstore.com** to learn more about our Print & Business Services.

Visit **theupsstore.com** to find a location.

**Domestic Shipments**
· To qualify for the Letter rate, UPS Express Envelope correspondence, urgent documents, and/ or else weigh 8 oz. or less. UPS Express Envelopes co those listed or weighing more than 8 oz. will

**International Shipments**
· The UPS Express Envelope may be used o value. Certain countries consider electron ups.com/importexport to verify if your

· To qualify for the Letter rate, the UPS UPS Express Envelopes weighing more

**Note:** Express Envelopes are not recommended for ship containing sensitive personal information or breakable items or cash equivalent.

HOLMAN UNIT L-49
(256) 499-1399
THE UPS STORE #3330
1414 GOLDEN SPRINGS RD
ANNISTON  AL 36207-6924

0.4 LBS LTR
SHP WT: LTR
DATE: 13 OCT 2025

SHIP U.S DISTRICT COURT
TO: CLERK OF COURT
    1 CHURCH ST

MONTGOMERY  AL 36104-4018

AL 360 9-02

UPS NEXT DAY AIR                1
TRACKING #: 1Z 365 R2E 01 7355 5861

BILLING: P/P

REF #1: DS

MMWCY553FJQX1 ISH 13.88C ZZD238 BP 37.5V 89/2025





CLEARED

International Shipping Notice – Carriage hereunder may be subject to the rules relating to liability and other terms and/or conditions established by the Convention on the Contract for the International Carriage of Goods by Road (the "CMR Convention"). These commodities, technology or software were exported from the U.S. in accordance with the Export Administration Regulations. Diversion contrary to law is prohibited.

SEE NOTICE ON REVERSE regarding UPS Terms, and notice of limitation of liability. Where allowed by law, shipper authorizes UPS to act as forwarding agent for export control and customs purposes. If exported from the US, shipper certifies that the commodities, technology or software were exported from the US in accordance with the Export Administration Regulations. Diversion contrary to law is prohibited.

Serving you for more than 100 years
United Parcel Service.

0188025079P 08/21    United Parcel Service



