NOT FOR PUBLICATION

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 25-13573

_____

ANTHONY BOYD,

          *Plaintiff-Appellant,*

versus

GOVERNOR OF ALABAMA,

          *Defendant-Appellee.*

_____

Appeal from the United States District Court
for the Middle District of Alabama
D.C. Docket No. 2:25-cv-00764-ECM

_____

Before JORDAN, LAGOA, and ABUDU, Circuit Judges.

PER CURIAM:

    Anthony Boyd is scheduled to be executed in Alabama by nitrogen hypoxia on October 23, 2025. Through counsel, he filed a notice of appeal from the district court's denial of his motion for a preliminary injunction to stop his execution under 42 U.S.C. §

2                           Order of the Court                           25-13573

1983, and sought a stay of his execution in this court. In Case No. 25-13545, we have issued an order denying that motion. Our order sets out the procedural history of the case, the district court's findings and conclusions following an evidentiary hearing on Mr. Boyd's Eighth Amendment challenge to Alabama's nitrogen hypoxia protocol, and our analysis of the counseled motion for a stay.

Proceeding *pro se*, Mr. Boyd filed his own notice of appeal from the district court's denial of preliminary injunctive relief. That appeal was docketed as Case No. 25-13573. This order addresses Mr. Boyd's *pro se* motion for a stay of execution.

In his *pro se* motion, Mr. Boyd challenges the current version of Alabama Rule of Appellate Procedure 8(d)(1), which provides in relevant part that the Alabama Supreme Court "shall at the appropriate time enter an order authorizing the Commissioner of the Department of Corrections to carry out the inmate's sentence of death within a time frame set out by the governor, which time frame shall not begin less than 30 days from the date of the order[.]" He contends that Rule 8(d)(1) contravenes Alabama Code § 15-18-82(a), which states that "[w]here the sentence of death is pronounced against a convict, the sentence shall be executed at any hour on the day set for the execution, not less than 30 nor more than 100 days from the date of sentence, as the court may adjudge." He also asserts that Rule 8(d)(1) violates Article III, § 42(c)

25-13573                  Order of the Court                  3

of the Alabama Constitution, which generally states that the executive branch shall not exercise judicial powers.[1]

Mr. Boyd can obtain a stay of execution only if he shows that he has a substantial likelihood of success on the merits, that he will suffer irreparable harm unless the stay issues, that the stay would not substantially harm the other party, and that the stay would not be adverse to the public interest. *See Barwick v. Commissioner*, 66 F. 4th 896, 900 (11th Cir. 2023). For two reasons, one procedural and one substantive, we deny Mr. Boyd's *pro se* motion for a stay.[2]

First, Mr. Boyd is currently represented by counsel, who filed a motion for a stay of execution on his behalf in Case No. 25-13545. Because he is represented, he cannot simultaneously proceed *pro se*. *See* 11th Cir. R. 25-1 ("When a party is represented by counsel, the clerk may not accept filings from the party."); *Lee v. Alabama*, 406 F.2d 466, 469 (5th Cir. 1968) ("Under [28 U.S.C. § 1654], Lee had a right to represent himself or be represented by counsel, but he had no right to a hybrid representation by himself and partly by counsel.").

Second, even if Mr. Boyd were permitted to proceed *pro se* while being represented by counsel, he has not shown a substantial likelihood of success on the merits of his claim. Mr. Boyd sued under § 1983, which protects against the "deprivation of any rights,

---

[1] In his *pro se* motion, Mr. Boyd cites to Alabama Constitution Article III, § 43, the previous codification of this provision.

[2] Mr. Boyd's motion to supplement the record is granted. *See* App. D.E. 11.

4                    Order of the Court                    25-13573

privileges, or immunities secured by the Constitution and laws" of the United States. Although he generally invokes due process, it seems to us that his challenge to Alabama Rule of Appellate Procedure 8(d)(1) is at bottom based on the assertion that it violates an Alabama statute and a provision of the Alabama Constitution. And a violation of state law is not cognizable under § 1983. *See Collins v. City of Harker Heights*, 503 U.S. 115, 119 (1992) ("Although the statute provides the citizen with an effective remedy against those abuses of state power that violate federal law, it does not provide a remedy for abuses that do not violate federal law[.]"); *United Housing Foundation, Inc. v. Forman*, 421 U.S. 837, 860 n.27 (1975) ("The remaining counts in the complaint were all predicated on alleged violations of state law not independently cognizable in federal court [under § 1983]."); *Knight v. Jacobson*, 300 F.3d 1272, 1276 (11th Cir. 2002) (noting that § 1983 "does not create a remedy for every wrong committed under the color of state law, but only for those that deprive a plaintiff of a federal right"); *Wideman v. Shallowford Comm. Hospital, Inc.*, 826 F.2d 1030, 1032 (11th Cir. 1981) (explaining that § 1983 "imposes liability only 'for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law'") (citation omitted).[3] Mr. Boyd has not identified any federal due process right that shows that Alabama Rule of Appellate Procedure 8(d)(1) is unconstitutional. *Cf. Johnson v.*

---

[3] Given our resolution, we need not and do not address whether Mr. Boyd could assert his claim against the Governor and Attorney General of Alabama under *Ex Parte Young*, 209 U.S. 123 (1908).

25-13573 Order of the Court 5

*Collier*, 137 F. 4th 376, 383 (5th Cir. 2025) (explaining that a capital inmate challenging the procedure used to set his execution in Texas could not "identify any federal or state law that clearly creates a right to only be executed if the district attorney seeks the setting of an execution date").

Mr. Boyd's *pro se* motion for a stay of execution is denied.

# UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

October 20, 2025

Anthony Boyd
Holman CF - Inmate Legal Mail
HOLMAN 3700
ATMORE, AL 36503-3700

Appeal Number: 25-13573-P
Case Style: Anthony Boyd v. Governor of Alabama
District Court Docket No: 2:25-cv-00764-ECM

The enclosed order has been ENTERED.

Electronic Filing
All counsel must file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause. Although not required, non-incarcerated pro se parties are permitted to use the ECF system by registering for an account at www.pacer.gov. Information and training materials related to electronic filing are available on the Court's website.

Clerk's Office Phone Numbers

| | | | |
|---|---|---|---|
| General Information: | 404-335-6100 | Attorney Admissions: | 404-335-6122 |
| Case Administration: | 404-335-6135 | Capital Cases: | 404-335-6200 |
| CM/ECF Help Desk: | 404-335-6125 | Cases Set for Oral Argument: | 404-335-6141 |

MOT-2 Notice of Court Action